FILED
JUL 11 2006
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CR. NO. 2:06CR173-MHT |
| ) | [18 U.S.C. § 371; |
| UNIQUE C. MUSKELLY, ) | 18 U.S.C. § 641; |
| MONICA PEARL WOODALL, ) | 18 U.S.C. § 2] |
| TANESHIA MICHELLE LAWSON, and ) | |
| RUFUS NATHANIAL BIGGS, JR.   ) | **INDICTMENT** |
| ) | |

The Grand Jury charges:

## INTRODUCTION

1. At all times relevant to this Indictment, Defendant **MONICA PEARL WOODALL** lived in an apartment within the Middle District of Alabama. Defendants **UNIQUE C. MUSKELLY** and **TANESHIA MICHELLE LAWSON** were Woodall's friends and frequent visitors to this apartment. Woodall's apartment was adjacent to a second apartment, where the victim, K.B., received Social Security checks in the mail. The mailboxes for both apartments were also located adjacent to one another.

2. Additionally, at all times relevant to this Indictment, Defendant **RUFUS NATHANIAL BIGGS, JR.** was an employee of the Quik Pawn Shop in Montgomery, Alabama.

## COUNT 1 – CONSPIRACY

## THE CONSPIRACY AND ITS OBJECTS

3.  From on or about October 1, 2003 through on or about November 1, 2003, the exact dates being unknown to the Grand Jury, in the Middle District of Alabama, and elsewhere, the defendants,

**UNIQUE C. MUSKELLY,
MONICA PEARL WOODALL,
TANESHIA MICHELLE LAWSON, and
RUFUS NATHANIAL BIGGS, JR.,**

did combine, conspire, confederate, and agree among themselves and each other, and other persons both known and unknown to the Grand Jury, to embezzle, steal, purloin, and knowingly convert to their own use money and things of value of the United States in an amount in excess of $1,000, and to receive, conceal, and retain the same with the intent to convert it to their use and gain, knowing it to have been embezzled, stolen, purloined and converted, contrary to Title 18, United States Code, Section 641.

## MANNER AND MEANS OF THE CONSPIRACY

4.  It was part of the conspiracy that Muskelly, Woodall, Lawson, and Biggs agreed to cash U.S. Treasury checks for Social Security payments, which none of the defendants were entitled to.

## OVERT ACTS

5.  In order to effect the object of the conspiracy, Muskelly, Woodall, and Lawson did a number of overt acts, including:

      a..    Stealing Social Security checks from K.B.'s mailbox in or about October, 2003;

      b.    Traveling to the Quik Pawn Shop in Montgomery, Alabama in order to cash the Social Security checks on or about two occasions; October 3, 2003 and October 31, 2003;

      c.    Cashing two Social Security checks on or about October 3, 2003 at the Quik Pawn Shop;

      d.    Cashing two more Social Security checks on or about October 31, 2003 also at the Quik Pawn Shop; and

      e.    Dividing the proceeds of the Social Security checks among themselves and with Defendant Biggs in or about October, 2003.

6.    In order to effect the object of the conspiracy, Biggs did a number of overt acts, including:

      a.    Cashing the Social Security checks at the Quik Pawn Shop on or about two occasions; October 3, 2003 and October 31, 2003; and

      b.    Accepting a portion of the proceeds from the Social Security checks in or about October, 2003.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2 – THEFT OF GOVERNMENT PROPERTY

7.    The allegations set forth in paragraphs 1 through 6 of Count 1 of this Indictment are hereby realleged as if set forth herein.

8.    From on or about October 1, 2003 through on or about November 1, 2003, the exact dates being unknown to the Grand Jury, in the Middle District of Alabama, and elsewhere,

**UNIQUE C. MUSKELLY,
MONICA PEARL WOODALL,
TANESHIA MICHELLE LAWSON, and
RUFUS NATHANIAL BIGGS, JR.,**

defendants herein, did, while aiding and abetting and while being aided and abetted by each other and other persons both known and unknown to the Grand Jury, embezzle, steal, purloin, and knowingly convert to their own use money and things of value of the United States that is, approximately $2,193 belonging to the United States, and did receive, conceal, and retain the same with the intent to convert it to their use and gain, knowing it to have been embezzled, stolen, purloined and converted.

All in violation of Title 18 United States Code, Sections 641 and 2.

A TRUE BILL:

_____
Foreperson

_____
CHRISTOPHER A. SNYDER
Assistant United States Attorney